IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:13-cv-00412-RJC-DSC

| | |
|---|---|
| ANDRITZ HYDRO CORP. f/k/a VA TECH HYDRO USA CORP. AND ANDRITZ (USA) INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PPL MONTANA, LLC and PPL ENERGY SUPPLY, LLC<br><br>Defendants. | CONSENT PROTECTIVE ORDER |

Counsel for Plaintiffs Andritz Hydro Corp. f/k/a VA Tech Hydro USA Corp. and Andritz (USA) Inc. (jointly "Andritz") and Defendants PPL Montana, LLC and PPL Energy Supply LLC (jointly "PPL") have represented to the Court that they have determined that certain documents, testimony, and information that will be produced during discovery and/or that may be used during depositions, hearings, or at trial in this matter should be kept confidential to protect their respective legitimate business interests and/or other proprietary information. Counsel have also represented to the Court that certain entities that are not parties to this action, which have received subpoenas, have asked that certain documents and information also be kept confidential to protect their respective legitimate business interests and/or other proprietary information. Counsel have further represented that they request and consent to the entry of this Consent Protective Order (herein the "Protective Order").

Therefore, it appears to the Court, based on these representations, that good cause exists for entry of this Protective Order, and it is therefore hereby ORDERED that:

1

1. *Confidential Discovery Material*. The provisions hereof shall, as applicable, govern the handling of documents, electronically stored information, testimony, depositions, deposition exhibits, interrogatory responses, admissions and any other information or material produced, given or exchanged by and among the parties and any nonparties to the above-captioned action (the "Action"), whether voluntary or court-ordered, in connection with discovery in this Action (such information or material hereinafter being referred to as "Discovery Material"). Any party or nonparty from whom Discovery Material may be sought in connection with this Action (a "Producing Party") may designate any Discovery Material as "Confidential" under the terms of this Protective Order if such party in good faith reasonably believes that such Discovery Material contains information that is nonpublic, confidential, proprietary or commercially or personally sensitive, or subject to the protection of North Carolina law or the law of any other applicable jurisdiction, or otherwise contains information that requires the protections provided in this Protective Order ("Confidential Discovery Material"). For purposes of this Protective Order:

(a) Discovery Material shall presumptively qualify as Confidential Discovery Material to the extent that it contains nonpublic cost or accounting information, or information relating to personnel records, employment records, tax data, or personal financial information provided that the Producing Party must designate such material as Confidential Discovery Material in accordance with this Consent Protective Order.

(b) The designation by any Producing Party of any Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party and that there is a good faith belief that such designation is valid.

2. *Use of Discovery Material*. Absent permission from the Producing Party, Discovery Material, or information derived therefrom, shall be used solely by the party or parties to whom Discovery Material is produced only in connection with the prosecution, defense or

attempted settlement of the Action and not for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

       3. *Designation of Discovery Material as Confidential*. The designation of Discovery Material as "Confidential" for purposes of this Protective Order shall be made in the following manner by any Producing Party:

       (a) In the case of hard copy documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Discovery Material; *provided* that the failure to so designate a document does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Protective Order;

       (b) In the case of electronic documents or files, by either following the procedures described in subparagraph (a) above, or by using the term "Confidential" in the name of the document or file; *provided* that each person who prints in "hard copy" form any document or file so designated for use in a deposition, hearing or trial, or for submission to the Court, shall affix the word "Confidential" to the "hard copy" in the manner set forth in subparagraph (a) above; and, *provided*, further, that the failure to so name a document does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Protective Order; and

       (c) In the case of depositions or other transcribed pretrial testimony, (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to all parties within ten (10) business days after receiving a copy of the transcript thereof, and in

both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and applied to the pages specified as containing Confidential Discovery Material. All depositions and other pretrial testimony shall be deemed to be "Confidential" until the expiration of the tenth business day after counsel receives a copy of the transcript thereof, after which time such deposition or pretrial testimony shall be treated in accordance with its designation, if any. Only those pages of the transcripts designated as "Confidential" in the Action shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

4. *Disclosure of Confidential Discovery Material*. Discovery Material designated "Confidential" may be disclosed, revealed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons, pursuant to the requirements of paragraph 5 below:

(a) Outside counsel for any party in this Action whose law firm has entered an appearance in this Action, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of this Action for use in accordance with this Protective Order;

(b) In-house counsel for any party and regular and temporary employees, including any such employees who may be witnesses in this action, and service vendors of such party (including outside copying and litigation support services) assisting in the conduct of this Action for use in accordance with this Protective Order;

(c) The named parties, and directors, officers, employees and general or limited partners of the named parties, or any subsidiary or affiliate thereof;

(d) Experts or consultants assisting counsel in this Action to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this Action; *provided* that such expert or consultant (i) is not

4

currently an employee of, or advising or discussing employment with, or consultant to, any party to or any competitor or potential acquirer of any party to this Action, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential Discovery Material solely in connection with this Action;

(e) Witnesses or deponents and their counsel during depositions or other testimony in this action, and to the extent reasonably necessary for preparation for depositions or testimony in this Action;

(f) Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

(g) Any nonparty who may be a potential witness if such person is employed by the same entity as a person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

(h) The Court and its employees, pursuant to paragraph 7 of this Protective Order;

(i) Court reporters employed in connection with this Action; and

(j) Any other person only upon order of the Court or stipulation of the counsel to the parties to this Action.

5. *Binding Effect*. Before disclosure of Confidential Discovery Material pursuant to paragraph 4 above, each person to whom disclosure is made, *except* those identified in subparagraphs (a), (b), (f), (h), (i), and (j) above, shall be informed by the disclosing party of the existence and provisions of this Protective Order. Before disclosure of Confidential Discovery Material to any other person identified in paragraph 4 above, that person shall be informed by the attorney providing the Confidential Discovery Material that such person is bound by and must abide by this Protective Order, and shall be furnished by such attorney with a copy of this Protective Order. All such persons shall and are hereby ordered to comply in full with the provisions hereof.

6. *Use of Own Confidential Discovery Material*. This Protective Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Discovery Material for any purpose. Further, nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential that has been obtained lawfully by such party independently of the discovery proceedings in this Action.

7. *Filing of Confidential Discovery Material with the Court*. All documents of any nature, including briefs, which have been designated as "Confidential" or which include or describe Confidential Discovery Material, and which are filed with the Court, shall be filed with the Court under seal, if and as allowed by and under the procedures and requirements of the Court, and properly designed.

8. *Admission and Waiver; Applicability of Privileges and Protections; Preservation of Objections*. Entering into an agreement regarding, and/or producing or receiving, Confidential Discovery Material or otherwise complying with the terms of this Protective Order shall not:

(a) Constitute an admission that any document so designated contains or reflects trade secrets or any other type of confidential information;

(b) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery (including, but not limited to, pursuant to the attorney-client privilege, work product doctrine, business strategies immunity, or other applicable privilege, immunity, or protection from disclosure), or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(c) Prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

(d) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) Prejudice in any way the rights of any party to seek further protection or a determination by the Court whether any Discovery Material designated as Confidential should be subject to the terms of this Protective Order;

(f) Shift the burden of proving that Discovery Material is confidential from a Producing Party.

9. *No Waiver of Privilege Through Inadvertent Disclosure of Producing Party.* In the event that a Producing Party inadvertently produces to any other party any materials that are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, business strategies immunity, or other applicable privilege, immunity, or protection from disclosure, such privileged materials may be retrieved by the Producing Party by giving written notice to all parties to whom the Producing Party inadvertently provided copies of the produced privileged materials of the claim of privilege and the identity of the documents inadvertently produced. Upon receipt of such notice, all parties or other persons who have received a copy of the inadvertently produced materials shall promptly return any and all copies of those materials to the Producing Party (or at the direction of the Producing Party destroy them), as is reasonably practicable and possible. The terms of this paragraph shall not be deemed a waiver of a party's right to challenge the Producing Party's designation of materials as privileged (*provided*, *however*, that any such challenge to the designation may only be made following the return of such identified documents to the Producing Party), nor shall such inadvertent production of any material that is later retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted. No party shall use or disclose any inadvertently produced privileged materials, or information gleaned from any inadvertently produced privileged materials, in connection with this Action or for any other purpose. Any party returning material to a Producing Party pursuant to this paragraph may then move the Court for an order compelling production of the material (which motion shall be filed under seal), but said motion shall not assert as ground for entering such an order that the

7

Producing Party waived any privilege because of the inadvertent production as long as the Producing Party otherwise has met the requirements of Rule 502(b) of the Federal Rules of Evidence.

10. *Inadvertent Disclosure by Non-Producing Parties*. If a party or nonparty inadvertently discloses Confidential Discovery Material to persons other than those listed in paragraph 4 above, such disclosure shall be reported in writing to the person who produces such inadvertently disclosed Confidential Discovery Material. In that event, counsel for the disclosing party shall make all reasonable efforts to retrieve the Confidential Discovery Material and any documents containing such Confidential Discovery Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Discovery Material in accordance with the terms of this Protective Order.

11. *Stipulation Effective Immediately*. The parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had been entered by the Court.

12. *Continuing Effect of Protective Order*. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including, without limitation, any appeals therefrom. Upon the final conclusion of this Action, all persons having received Confidential Discovery Material shall, upon written and timely request of the Producing Party, either destroy the Producing Party's Confidential Discovery Material or make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it and certify that fact to counsel for the Producing Party; provided, however, that (a) electronically stored information, including backup copies and electronic duplicates, shall only be deleted or destroyed if and to the extent that it is readily accessible and available, and (b) outside counsel for the parties shall be entitled to retain court papers,

depositions, trial transcripts and attorney work product (including discovery material containing Confidential Discovery Material), provided that the none of the Confidential Discovery Material so retained, under either subparagraph (a) or (b), may be disclosed to any person except pursuant to court order or agreement by the Producing Party. The Parties' obligations under the terms of this Protective Order shall survive resolution of this Action and/or termination of this Protective Order and shall be binding on the Parties' successors or assigns.

13. *Objection to Designation of Discovery Material as "Confidential."* During the pendency of this Action, if any party objects to the designation of any Discovery Material as "Confidential," the party shall state the objection by letter to counsel for the Producing Party. If the objecting party and the Producing Party are then unable to resolve the objection after a good faith effort to do so, the objecting party may move the Court to do so. Until the Court rules on any such motion, the Discovery Material shall continue to be deemed "Confidential" (as applicable) under the terms of this Protective Order.

14. *Confidential Status Retained*. In the event that any Confidential Discovery Material is used in any court proceeding in this Action or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

15. *Response to Subpoena or Other Legal Process*. If any person receiving documents covered by this Protective Order (the "Receiver") is subpoenaed in any other action or proceeding, is served with a document demand, or is otherwise compelled by law to produce documents (all, collectively, a "Demand"), and such Demand seeks Discovery Material which was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall give immediate written notice by hand or electronic or facsimile transmission, within five (5) business days of receipt of such Demand, to the person or party who produced or designated the material as "Confidential." The Receiver shall not produce any of the Producing Party's

Confidential Discovery Material, unless otherwise court-ordered, for a period of at least five business days after providing the required notice to the Producing Party. If, within five business days of receiving such notice, the Producing Party gives notice to the Receiver that the Producing Party opposes production of its Confidential Discovery Material, the Receiver shall object, citing this Protective Order, and not thereafter produce such Confidential Discovery Material, except pursuant to a court order requiring compliance with the subpoena, demand or other legal process. The Producing Party shall be solely responsible for pursuing any objection to the requested production. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court. In the event that Confidential Discovery Material is produced to a nonparty to this Protective Order in response to a subpoena or document demand, such Discovery Material shall continue to be treated in accordance with the designation as "Confidential" (as applicable) by the parties to this Protective Order.

16. *Copies of Confidential Discovery Material*. This Protective Order does not restrict a person who is properly in the possession of Confidential Discovery Material from (1) making working copies, abstracts, digests or analyses of Confidential Discovery Material for use in connection with this Action or (2) converting or translating Confidential Discovery Material into machine readable form for incorporation in a data retrieval system used in connection with this Action. Any such copies, abstracts, digests, analyses or data compilations have the same protection under the terms of this Protective Order as the information from which they are derived.

17. *Modification or Relief*. Nothing herein shall preclude any party from seeking judicial relief, upon notice to the other parties, from this Protective Order or modification thereof. This Protective Order may only be modified, without leave of the Court, by agreement

of all of the parties in the form of a written stipulation that shall be filed with and approved by the Court.

18. *Applicability to Additional Parties.* In the event that additional parties join or are joined in this Action, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Protective Order.

19. *Applicability to Nonparties.* The parties to this Action agree that the production of any Discovery Material by any nonparty to the Action shall be subject to and governed by the terms of this Protective Order.

20. *Headings.* The headings set forth in the numbered paragraphs of this Protective Order are for convenience only and shall not be used to expand, limit, or interpret the substantive terms of this Protective Order.

21. *Execution.* This Protective Order may be executed by facsimile signature and may be executed in one or more counterparts, each of which shall be deemed to constitute an original, but all of which together shall constitute but one agreement.

**SO ORDERED**.　　　　　　　　　　　Signed: August 20, 2013

_____
David S. Cayer
United States Magistrate Judge

**WE CONSENT:**

| | |
|---|---|
| s/ Robert W. Fuller | s/ Melissa A. Romanzo_____ |
| Robert W. Fuller | Melissa A. Romanzo |
| N.C. Bar No. 10887 | N.C. Bar No. 38422 |
| rfuller@rbh.com | mromanzo@hunton.com |
| | |
| Pearlynn G. Houck | HUNTON & WILLIAMS, LLP |
| N.C. Bar No. 36364 | 101 S. Tryon Street, Suite 3500 |
| phouck@rbh.com | Charlotte, NC 28280 |
| | Telephone: 704.378.4700 |
| ROBINSON BRADSHAW & HINSON, P.A. | Facsimile: 704.378.4890 |
| 101 North Tryon Street, Suite 1900 | |
| Charlotte, North Carolina 28246 | Robert Martin Rolfe |
| Telephone: 704.377.2536 | rrolfe@hunton.com |
| Facsimile: 704.378.4000 | (admitted *pro hac vice*) |
| Of Counsel: | Brian Wright |
| | wrightb@hunton.com |
| Michael C. Castellon | (admitted *pro hac vice*) |
| Georgia Bar No. 116106 | |
| michael.castellon@andritz.com | HUNTON & WILLIAMS, LLP |
| (pro hac vice application to be filed) | 951 East Byrd Street |
| | Riverfront Plaza, East Tower |
| ANDRITZ, INC. | Richmond, VA 23219 |
| 1115 Northmeadow Parkway | Telephone: 804.788.8200 |
| Roswell, Georgia 30076-3857 | Facsimile: 804.788.8218 |
| Telephone: 770.640.2500 | |
| Facsimile: 770.640.9454 | *Attorneys for Defendants* |
| | |
| *Attorneys for Plaintiffs* | |